NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JUDD C., | )<br>) Supreme Court No. S-15180 |
| Appellant, | )<br>) Superior Court No. 3AN-11-00298 CN |
| v. | )<br>) MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT<br>OF HEALTH & SOCIAL SERVICES,<br>OFFICE OF CHILDREN'S SERVICES, | ) AND JUDGMENT[*]<br>)<br>) |
| Appellee. | )<br>) No. 1484 - March 12, 2014<br>) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Rachel Cella, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Appellant. Miranda L. Strong, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

1.      Judd C.[1] appeals the trial court's termination of his parental rights

_____

[*]      Entered under Alaska Appellate Rule 214.

[1]      A pseudonym is used for privacy protection.

to his daughter, an "Indian child"[2] under the Indian Child Welfare Act of 1978 (ICWA).[3] Judd challenges the trial court's findings that (1) he did not remedy within a reasonable time the conduct or conditions that led to the child being in need of aid and (2) the State of Alaska, Department of Health and Social Services, Office of Children's Services (OCS) made active efforts to reunify the family.[4]  After reviewing the record under the applicable standards of review,[5] we find no merit to Judd's challenges and therefore

---

[2]      *See* 25 U.S.C. § 1903(4) (20).

[3]      *Id.* at §§ 1901–1963.  ICWA establishes "minimum Federal standards for the removal of Indian children from their families and [for] the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture." *Id.* at § 1902.

[4]      Under Alaska Child in Need of Aid Rule 18 parental rights to an Indian child may be terminated at trial only if OCS shows:

(1) by clear and convincing evidence that:

(a) the child has been subjected to conduct or conditions enumerated in AS 47.10.011;

(b) the parent has not remedied the conduct or conditions that place the child at substantial risk of harm or has failed within a reasonable time to remedy the conduct or conditions so that the child would be at substantial risk of physical or mental injury if returned to the parent; and

(c) active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family; and

(2) beyond a reasonable doubt, including qualified expert testimony, that continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child; and

(3) by a preponderance of the evidence that the child's best interests would be served by termination of parental rights.

[5]      Whether a parent failed to remedy conduct or conditions that placed a child
(continued...)

affirm the trial court's order terminating his parental rights to his daughter.

2.      Judd's challenge to the finding that he had not remedied within a reasonable time the conduct or conditions that rendered his daughter in need of aid is based entirely on his argument that OCS did not make active efforts to assist him in reunifying with his daughter.  Accordingly, if the trial court did not err in finding that OCS made such efforts, then the trial court did not clearly err in finding that Judd did not remedy within a reasonable time the conduct or conditions that led to his daughter being a child in need of aid.

3.      "In evaluating whether [OCS] has met its active efforts burden, we look to the state's involvement in its entirety."[6]  "The parent's willingness to cooperate is relevant to determining whether [OCS] has met its active efforts burden . . . ."[7]  And "a parent's demonstrated lack of willingness to participate in treatment may be considered in determining whether [OCS] has taken active efforts."[8]  Judd's challenge to OCS's reunification efforts is that OCS did not tailor its efforts to meet Judd's unique

---

[5]      (...continued)
at substantial risk of harm is a factual finding.  *Sherman B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 290 P.3d 421, 428 (Alaska 2012).  Whether OCS made active, but unsuccessful, efforts to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family is a mixed question of fact and law.  *Christina J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 254 P.3d 1095, 1104 (Alaska 2011).  We will affirm factual findings that are not clearly erroneous.  *Id*. at 1103.  We review legal questions de novo.  *Id*. at 1104.

[6]      *Jon S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 212 P.3d 756, 763-64 (Alaska 2009) (internal quotation marks and citation omitted).

[7]      *Id*. at 763 (citation omitted).

[8]      *Maisy W. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 175 P.3d 1263, 1268 (Alaska 2008) (internal quotation marks and citation omitted).

mental health needs.[9] But contrary to Judd's argument on appeal, there is no evidence in the record to support his claim that his personality disorder impaired his ability to act and communicate effectively with the professionals involved in his life. No expert testimony was presented that OCS or service providers would be required to make extraordinary efforts to engage Judd, but expert testimony was presented that Judd needed to understand the basis of the recommendations for mental health treatment and follow them or he would not be able to independently care for his daughter. It was predicted that Judd would resist treatment, and Judd not only resisted treatment, he resisted participation in his case plans. Judd missed appointments, essentially hid from OCS for periods of time, and failed to make any real effort to participate in services necessary for his reunification with his daughter. We affirm the trial court's finding that OCS made active efforts in this case.

4.     Based on the foregoing, we AFFIRM the trial court's order terminating Judd's parental rights to the child.

---

[9]     *Cf. Lucy J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 244 P.3d 1099, 1116 (Alaska 2010) ("OCS must reasonably tailor [its efforts] to the client's individual capabilities.").